UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| LEAH TOWNSEND, as Special Representative of the Estate of Calvin Miller,<br><br>Plaintiff,<br><br>v.<br><br>BRITTANY R. CHRISTMAS, RN, JOSEPH C. HUNTER, RN, BRIANA E. FRAZIER, RN, ERIC TCHAPTCHET MD, ANONYMOUS HEALTHCARE PROVIDER 1, DIANE ELROD, DO, COURTNEE BRATTON, RN, KIMBERLY PHILLIPS, RN, KYLIE JOHNSON, RN, TRACEY NEBLETT, KIMBRA NIXON, RN, KERRIGAN FEIDER, RN, JOHN DOE MEDICAL PROVIDER, QUALITY CORRECTIONAL CARE, TIPPECANOE COUNTY, JOHN DOE CORRECTIONAL OFFICER 1, JOHN DOE CORRECTIONAL OFFICER 2, JOHN DOE CORRECTIONAL OFFICER 3, JOHN DOE CORRECTIONAL OFFICER 4, CAPTAIN THOMAS LEHMAN, and TIPPECANOE COUNTY SHERIFF'S OFFICE,<br><br>Defendants. | CAUSE NO.: 4:23-CV-43-TLS-AZ |

**OPINION AND ORDER**

This case arises out of the tragic suicide of Calvin Miller while incarcerated at the Tippecanoe County Jail. This matter is now before the Court on the County Defendants' Motion to Dismiss Amended Complaint [ECF No. 36] and the Medical Defendants' Motion to Dismiss Amended Complaint [ECF No. 42] pursuant to Federal Rule of Civil Procedure 12(b)(6). The Defendants argue that the Plaintiff fails to state a claim of deliberate indifference to Calvin Miller's serious medical needs and right to adequate medical care under the Eighth Amendment.

For the reasons stated below, the Court grants both motions to dismiss but grants the Plaintiff leave to file an amended complaint.

## MOTION TO DISMISS STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## FACTUAL AND PROCEDURAL HISTORY

On May 9, 2023, Leah Townsmen, as Special Personal Representative of the Estate of Calvin Miller, filed a Complaint in the Tippecanoe County, Indiana, Circuit Court against Defendants Brittany R. Christmas, RN, Joseph C. Hunter, RN, Briana E. Frazier, RN, Eric Tchaptchet, MD, Anonymous Healthcare Provider 1, Diane Elrod, DO, Courtnee Bratton, RN, Kimberly Phillips, RN, Kylie Johnson, RN, Tracey Neblett, Kimbra Nixon, RN, Kerrigan Feider, RN, John Doe Medical Provider, and Quality Correctional Care ("Medical Defendants");

Tippecanoe County, Tippecanoe County Sheriff's Office, and Captain Thomas Lehman ("County Defendants"); and John Doe Correctional Officers 1–4. ECF No. 2-1.

On June 8, 2023, the County Defendants removed the case to this Court based on the Court's federal question jurisdiction under 28 U.S.C. § 1331. ECF No. 1. On August 26, 2023, the Plaintiff filed an Amended Complaint against the same Defendants. ECF No. 35.

The Amended Complaint makes the following factual allegations. Calvin Miller was incarcerated at the Tippecanoe County Jail in 2021. Am. Compl. ¶ 23, ECF No. 35. On December 14, 2021, between 4:00 a.m. and 6:00 a.m., Calvin Miller committed suicide while incarcerated at the Tippecanoe Count Jail. *Id.* ¶ 24. He was discovered deceased around 6:00 a.m., and rigor mortis had set in, even though individuals indicated they checked on him around 4:00 a.m. and 5:00 a.m. *Id.* ¶ 28. In at least the months leading up to his suicide, Calvin Miller had reported depression and mental health issues "to individuals at the Tippecanoe County Jail." *Id.* ¶ 25. He had written "depressed" on his cell wall, which was seen "by other individuals at the Tippecanoe County Jail." *Id.* ¶ 26. Yet he did not receive any assistance or treatment. *Id.* ¶ 27.

The Amended Complaint alleges that Captain Lehman, the Jail Commander, was responsible for the supervision of the Tippecanoe County Jail, the inmates/detainees, and those working within the jail. *Id.* ¶ 21. Captain Lehman had a duty to maintain custody and to ensure the care of Calvin Miller or to otherwise delegate that duty to jail deputies, agents, and employees. *Id.* Also, Captain Lehman was "on duty" during the time of Calvin Miller's requests for medical attention, during his serious needs for medical attention, and/or during his state of deteriorating medical condition. *Id.* The Plaintiff is suing Captain Lehman in his individual and official capacities. *Id.*

The Amended Complaint alleges that the eleven individually named Medical Defendant employees—Christmas, Hunter, Frazier, Tchaptchet, Elrod, Bratton, Phillips, Johnson, Neblett,

3

Nixon, and Feider—were not qualified healthcare providers under the Indiana Medical Malpractice Act, Indiana Code § 34-18-2-14, et seq., licensed in the State of Indiana, and practicing medicine in Tippecanoe County. *Id.* ¶¶ 2–5, 7–13. Medical Defendant Quality Correctional Care is alleged to be a healthcare provider employing duly licensed physicians and medical providers in the State of Indiana but alleged not to be a qualified healthcare provider under the Indiana Medical Malpractice Act. *Id.* ¶ 15. Finally, the Amended Complaint alleges that Medical Defendants Anonymous Healthcare Provider 1 and Doe Provider were qualified healthcare providers under the Indiana Medical Malpractice Act, licensed in the State of Indiana, and practicing medicine in Tippecanoe County. *Id.* ¶¶ 6, 14.

Count II of the Amended Complaint, which is at issue on the motions to dismiss, alleges civil rights violations under 42 U.S.C. § 1983 against the County Defendants and the Medical Defendants. *Id.* ¶¶ 36–44. Specifically, the Plaintiff alleges that "[t]he actions of the Defendants violated Calvin's rights under the United States Constitution, 42 U.S.C. § 1983, and constituted deliberate indifference," that the "Defendants were deliberately indifferent to the serious medical needs of Calvin in violation of the Eighth Amendment," that the "Defendants failed to provide medical attention in violation of the Cruel & Unusual Punishment Clause of the 8th Amendment," that the "Defendants . . . maintained policies and/or customs of deliberate indifference to the serious medical needs of Calvin resulting in his death," and that the "Defendants failed to manage, supervise, and train the Tippecanoe County Jail and its employees and agents constituting deliberate indifference." *Id.* ¶¶ 38–42. The Plaintiff alleges that as a result, Calvin Miller committed suicide. *Id.* ¶ 43.

Counts I and III bring state law claims of medical malpractice and general negligence, respectively, against the Medical Defendants. *Id.* ¶¶ 30–35, 45–49.

4

The County Defendants filed a Motion to Dismiss [ECF No. 36], the Plaintiff filed a Response [ECF No. 38], and the County Defendants filed a Reply [ECF No. 39]. The Medical Defendants filed their Motion to Dismiss [ECF No. 42], the Plaintiff filed a Response [ECF No. 49], and the Medical Defendants did not file a reply.

## ANALYSIS

42 U.S.C. § 1983 provides, in pertinent part, that "[e]very person who, under color of [state law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that the defendant caused the deprivation of a federal constitutional right and that the defendant acted under color of state law. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). The Plaintiff brings claims of deliberate indifference to Calvin Miller's serious medical needs in violation of the Eighth Amendment, which the Plaintiff alleges resulted in Calvin committing suicide.

"A prison official who acts with deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment," which prohibits cruel and unusual punishments. *Eagan v. Dempsey*, 987 F.3d 667, 693 (7th Cir. 2021) (citing *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)).[1] Inmates are also entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976); *Jackson v. Esser*, 105 F.4th 948, 961 (7th Cir. 2024) (citations omitted); *McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013) (citations omitted). To state a claim under the Eighth Amendment, a plaintiff must allege both the objective and subjective elements of the standard: "(1) the harm that befell the prisoner must

---

[1] The parties do not dispute that Calvin Miller was incarcerated following a criminal conviction and, therefore, the Eighth Amendment analysis is appropriate.

be objectively, sufficiently serious and a substantial risk to his or her health or safety, and (2) the individual defendants were deliberately indifferent to the substantial risk to the prisoner's health and safety." *Eagan*, 987 F.3d at 693 (quoting *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006)).

On the first prong, "[a]ll agree that suicide is an objectively serious medical condition . . . [and] prison officials cannot intentionally disregard a known risk that an inmate is suicidal." *Lord v. Beahm*, 952 F.3d 902, 904 (7th Cir. 2020) (citing *Lisle v. Welborn*, 933 F3d 705, 716 (7th Cir. 2019)); *see Eagan*, 987 F.3d at 693–94 (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 665 (7th Cir. 2012); *Collins*, 462 F.3d at 760–61; *Hall v. Ryan*, 957 F.2d 402, 406 (7th Cir. 1992)); *Quinn v. Wexford Health Sources, Inc.*, 8 F.4th 557, 565 (7th Cir. 2021) (addressing claim against health care providers based on risk of suicide).

As for the subjective prong, "[t]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Eagan*, 987 F.3d at 694 (quoting *Farmer*, 511 U.S. at 837). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* (quoting *Farmer*, 511 U.S. at 838). "In other words, the defendant must be cognizant of the significant likelihood that an inmate may immediately seek to take his own life." *Collins*, 462 F.3d at 761 (citing *Estate of Novack ex rel. Turbin v. County of Wood*, 226 F.3d 525, 529 (7th Cir. 2000)). The Court considers the motions to dismiss in turn.

A. **County Defendants**

The Plaintiff alleges that the County Defendants were deliberately indifferent to Calvin Miller's serious medical needs in violation of the Eighth Amendment to the United States Constitution by failing to provide protection from suicide. Beginning with the claim against

Captain Lehman, the Amended Complaint alleges only that Captain Lehman was "on duty" during the time of Calvin Miller's requests for medical attention, during his serious needs for medical attention, and/or during his state of deteriorating medical condition. The Amended Complaint also alleges that in the months prior to his suicide, Calvin Miller reported depression and mental health issues to unspecified individuals at the jail and wrote "depressed" on his cell wall, which was seen by unspecified individuals. There are no allegations from which it can be inferred that Captain Lehman was aware Calvin Miller had written "depressed" on his cell wall much less that Captain Lehman was aware that Calvin Miller was at risk of suicide. There are no allegations that the Plaintiff communicated information about his risk of suicide to Captain Lehman personally or that Captain Lehman was aware of such information and failed to act.

Contrary to the Plaintiff's unsupported assertion, it is not enough that Captain Lehman "should have been aware" of the risk that Calvin Miller would commit suicide. *See Collins*, 462 F.3d at 761 ("[I]t is not enough that there was a danger of which a prison official *should have been* aware . . . ." (quoting *Estate of Novack*, 226 F.3d at 529)). In suicide cases, "[i]n order to be liable under the Eighth Amendment, a prison official must be cognizant of the significant likelihood that an inmate may imminently seek to take his own life and must fail to take reasonable steps to prevent the inmate from performing this act." *Estate of Novack*, 226 F.3d at 529 (citation omitted). Moreover, there are no allegations that Captain Lehman was deliberately indifferent to any such knowledge. *See Lisle*, 933 F.3d at 716–17 ("[Deliberate indifference] requires 'more than mere or gross negligence, but less than purposeful infliction of harm.'" (quoting *Matos v. O'Sullivan*, 335 F.3d 553, 557 (7th Cir. 2003))).

The Plaintiff also argues it is sufficient to allege that Captain Lehman was responsible for the supervision of inmates and employees with a duty to ensure the care of Calvin Miller. However, Captain Lehman cannot be liable simply because he is a supervisor. The doctrine of

respondeat superior liability does not apply to § 1983 actions because a government official is "liable [only] for his or her own misconduct." *Kemp v. Fulton County*, 27 F.4th 491, 498 (7th Cir. 2022) (quoting *Ashcroft*, 556 U.S. at 677). And the Plaintiff has not alleged any facts that would support a claim of supervisory liability, which requires that the supervisor know about the constitutional violation and be personally involved in it. *See Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) (explaining that "a plaintiff must show that the supervisor was personally involved in the constitutional violation," which requires that "the supervisor 'must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see'" (quoting *Matthews v. City of E. St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012))); *Kemp*, 27 F.4th at 498.

Because there are no allegations that Captain Lehman was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," *Farmer*, 511 U.S. at 837, the Plaintiff has failed to state a claim against Captain Lehman for deliberate indifference to Calvin Miller's risk of suicide. *Compare Stevenson v. Maldonado*, No. 24-CV-49, 2024 WL 1406228, at *2 (S.D. Ill. Apr. 2, 2024) (finding that the plaintiff stated a claim under the Eighth Amendment when he alleged that he informed the named officer "that he felt suicidal prior to setting himself on fire" and that the officer "noticed the smoke and heard his screams but walked out of the unit without providing help or informing other officers of the situation"), *Keaton v. Danielson*, No. 23-CV-1657, 2024 WL 1285292, at *2 (E.D. Wis. Mar. 26, 2024) (finding that the plaintiff stated a claim against the named correctional officer when the plaintiff became upset and told the officer "that he felt suicidal" but the officer said "she did not care and walked away," taking no further action), *Coombe v. Green Bay Corr. Inst.*, No. 23-CV-1594, 2024 WL 1051084, at *3 (E.D. Wis. Mar. 11, 2024) (finding the allegations sufficient to state a claim when the plaintiff alleged that he told the named sergeant that he needed to be pulled out of his cell

8

because he was feeling suicidal, in response the sergeant told the plaintiff to kill himself, and the plaintiff then attempted suicide), *Bergeron-Davila v. Marquez*, No. 23-CV-1260, 2024 WL 914551, at *2 (E.D. Wis. Mar. 4, 2024) (finding that the plaintiff stated a claim against the named correctional officer when the plaintiff told the officer he was suicidal and was going to cut himself, the officer walked away, and the plaintiff cut himself, causing injury), *Robey v. Sanders*, No. 3:22-CV-377, 2022 WL 2904753, at *2 (N.D. Ind. July 22, 2022) (finding that the plaintiff stated a claim against the named officer who was aware the plaintiff posed a risk of suicide and had the means of injuring himself but deliberately turned a blind eye to the risk, failed to take the razor away from the prisoner or alerting the medical staff, and told the plaintiff to "[g]o for it" and where the plaintiff attempted suicide), *with Ford v. Bell*, No. 23-CV-1467, 2024 WL 1554135, at *4 (E.D. Wis. Apr. 10, 2024) (finding that the plaintiff failed to state a claim against a named correctional officer when the plaintiff did not allege that the officer "knew the plaintiff was going to harm himself").

Accordingly, the Plaintiff has failed to state a claim against Captain Lehman in his individual capacity for a violation of Calvin Miller's Eighth Amendment rights. Because the Plaintiff has failed to allege a constitutional violation, the Court need not address Captain Lehman's defense of qualified immunity. *See Tucker v. Williams*, 682 F.3d 654, 660 (7th Cir. 2012) ("Because we do not find a constitutional violation, we need not and do not address Williams' qualified immunity defense." (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009))); *Mann v. Vogel*, 707 F.3d 872, 883 (7th Cir. 2013) ("We need not address the Defendants' qualified immunity defense because [the plaintiff] has not adequately pleaded a cause of action for deprivation of a constitutional right.").

As for the claims against Tippecanoe County, which include the official capacity claims against Captain Lehman and the Sheriff, a municipality can only be liable under § 1983 when a

constitutional deprivation is inflicted because of an express policy, a widespread practice, or a person with final policymaking authority. *See Orozco v. Dart*, 64 F.4th 806, 823 (7th Cir. 2023) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 675 (1978)).[2] Therefore, there can be no *Monell* liability if there is no deprivation of a constitutional right. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Houskins v. Sheahan*, 549 F.3d 480, 493–94 (7th Cir. 2008) (citing cases). Because the Plaintiff has not alleged facts to state a claim of a constitutional violation by Captain Lehman, there can be no liability for the County. Accordingly, the Plaintiff has failed to state a claim against Defendants Tippecanoe County, Tippecanoe County Sheriff's Office, and Captain Lehman in his official capacity.

For these reasons, the Court grants the County Defendants' Motion to Dismiss for failure to state a claim and dismisses without prejudice the claims against Defendants Captain Lehman, Tippecanoe County, and Tippecanoe County Sheriff's Office. Because the Plaintiff requests an opportunity to cure the defects in the factual allegations, the Court grants the Plaintiff up to and including October 4, 2024, to file a Second Amended Complaint. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) ("As a general matter, Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint or other pleading.").

Finally, the Plaintiff brings allegations against unknown defendants identified in the Amended Complaint as John Doe Correctional Officers Nos. 1–4. As argued by the County Defendants, "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise

---

[2] The parties agree that the claims against Tippecanoe County and the Sheriff are official capacity claims only and that there is no respondeat superior liability under § 1983.

help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (cleaned up). The Court dismisses the claims against John Doe Correctional Officers Nos. 1–4.

**B.     Medical Defendants**

The Plaintiff alleges that the Medical Defendants were deliberately indifferent to Calvin Miller's risk of suicide and failed to provide him adequate medical attention. The Plaintiff fails to state a claim because, as with the County Defendants, the Plaintiff does not allege any facts from which a reasonable inference can be drawn that any of the individual Medical Defendants were subjectively aware of Calvin Miller's mental health concerns or his risk of suicide.

As recognized above, Calvin Miller's risk of suicide constitutes a serious medical need, and the Court assumes for purposes of the motion that his mental health issues also constitute a serious medical need. However, the claims fail on the subjective prong because the Plaintiff does not allege that any of individual Medical Defendants was subjectively aware of Calvin Miller's need for medical care, either for mental health issues or his risk of suicide. The Amended Complaint alleges only that Calvin Miller "reported depression and mental health issues to individuals at the Tippecanoe County Jail" and that he wrote "depressed" on his cell wall, which was "seen by other individuals" at the jail. There are no allegations identifying those individuals. The Amended Complaint also alleges that "Calvin Miller did not receive any assistance or treatment," but again, there are no allegations that any of the individual Medical Defendants was on notice of his depression and mental health issues. Thus, the Plaintiff has not alleged facts from which to plausibly infer that any of the individual Medical Defendants deliberately ignored Calvin Miller's mental health concerns or risk of suicide. *See, e.g.*, *Winters v. Hendrix*, 3:23-CV-989, 2023 WL 7553861, at *3 (N.D. Ind. Nov. 13, 2023) (finding a failure to state a claim when the plaintiff "name[d] multiple health care providers as defendant" but "[did] not link up any alleged wrongdoing to any specific individual"); *Sauls v. County of Lasalle*, No. 22-CV-255,

11

2023 WL 4864985, at *4 (N.D. Ill. July 31, 2023) (finding the plaintiff failed to state a claim against a named medical provider who saw the inmate for alcohol abuse where there was no allegation that the provider was aware of the inmate's prior suicide attempts, explaining that "[a] defendant cannot disregard a risk of which she is unaware").

Finally, the Plaintiff alleges a *Monell* claim against Quality Correctional Care, a private company that staffs the medical department at the prison. A private company performing a public function can be held liable under *Monell* if the unconstitutional acts of its employees "were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citation omitted). However, as explained above, if there is no unconstitutional act of an employee, there can be no *Monell* liability. *See Pyles v. Fahim*, 771 F.3d 403, 412 (7th Cir. 2014) (finding a private corporation could not be held liable for damages under *Monell* when there was no underlying constitutional violation (citing *Heller*, 475 U.S. at 799)). Because the Plaintiff has failed to state a claim of an unconstitutional act against any of the individual Medical Defendants, the Plaintiff cannot state a claim against Defendant Quality Correctional Care.

Thus, the Court grants the Medical Defendants' motion to dismiss for failure to state a claim and dismisses the federal § 1983 claims in Count II against the Medical Defendants—Brittany R. Christmas, Joseph C. Hunter, Briana E. Frazier, Eric Tchaptchet, Anonymous Healthcare Provider 1, Diane Elrod, Courtnee Bratton, Kimberly Phillips, Kylie Johnson, Tracey Neblett, Kimbra Nixon, Kerrigan Feider, John Doe Medical Provider, and Quality Correctional Care. However, as with the County Defendants, because the Plaintiff asks for leave to cure the defects in the factual allegations, the Court grants the Plaintiff up to and including October 4, 2024, to file a Second Amended Complaint. *See* Fed. R. Civ. P. 15(a)(2); *Bausch*, 630 F.3d at 562.

As noted by the Plaintiff, the Medical Defendants did not move to dismiss the state law claims brought against them in Counts I and III. "When all federal claims have been dismissed prior to trial, the principle of comity encourages federal courts to relinquish supplemental jurisdiction pursuant to § 1367(c)(3)." *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir. 2008). While the decision to exercise supplemental jurisdiction is discretionary, "there is a general presumption that the court will relinquish supplemental jurisdiction." *Rivera v. Allstate Ins.*, 913 F.3d 603, 618 (7th Cir. 2018) (citing *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479–80 (7th Cir. 2012)); *Whitley v. Moravec*, 635 F.3d 308, 311 (7th Cir. 2011) (recognizing that § 1367(c)(3) confers discretion to relinquish supplemental jurisdiction and remand once the federal claims have been resolved). As the Court has not engaged in any meaningful review of these state law claims and has not otherwise committed substantial judicial resources to them, declining to exercise supplemental jurisdiction is proper. However, because the Court is giving the Plaintiff an opportunity to file a Second Amended Complaint to cure the defects in pleading the federal claims, remand of the state law claims is premature. If the Plaintiff does not file a Second Amended Complaint or if the Court dismisses the Second Amended Complaint, the Court will remand the Plaintiff's state law claims against the Medical Defendants to the Tippecanoe County Circuit Court at the appropriate time.

## CONCLUSION

For the foregoing reasons, the Court hereby:

(1) GRANTS the County Defendants' Motion to Dismiss Amended Complaint [ECF No. 36] and DISMISSES without prejudice Count II of the Amended Complaint against Defendants Tippecanoe County, Tippecanoe County Sheriff's Office, Thomas Lehman, and John Doe Correctional Officers Nos. 1, 2, 3, and 4;

(2) GRANTS the Medical Defendants' Motion to Dismiss Amended Complaint [ECF No. 42] and DISMISSES without prejudice Count II of the Amended Complaint against Defendants Brittany R. Christmas, RN, Joseph C. Hunter, RN, Briana E. Frazier, RN, Eric Tchaptchet, MD, Anonymous Healthcare Provider 1, Diane Elrod, DO, Courtnee Bratton, RN, Kimberly Phillips, RN, Kylie Johnson, RN, Tracey Neblett, Kimbra Nixon, RN, Kerrigan Feider, RN, John Doe Medical Provider, and Quality Correctional Care; and

(3) GRANTS the Plaintiff up to and including October 4, 2024, to file a Second Amended Complaint to cure the deficiencies identified in this Opinion.

If the Plaintiff does not file a Second Amended Complaint on or before October 4, 2024, the Court will remand the state law claims against the Medical Defendants in Counts I and III of the Amended Complaint to the Tippecanoe County, Indiana, Circuit Court and will direct the Clerk of Court to close this case.

SO ORDERED on September 4, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT